IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

ERIC HICKS,

       Petitioner,

v.                                     Case No. 5:23-cv-00581

WARDEN KATINA HECKARD,

       Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and his Motion to Waive Requirement to Exhaust Administrative Remedies (ECF No. 4). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a federal inmate incarcerated at the Federal Correctional Institution at Beckley, West Virginia ("FCI Beckley") serving concurrent 120-month and 30-month sentences, followed by a three-year term of supervised release, after his conviction on federal fraud charges in the United States District Court for the Eastern District of Arkansas. *United States v. Hicks*, No. 4:16-cr-00208-LPR-1, ECF No. 56 (E.D. Ark., June 11, 2018).

On August 29, 2023, Petitioner filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking an award against his sentence of federal earned

time credits ("FTC") under the First Step Act of 2018 ("FSA"), Public Law 115–391. (ECF No. 1).  Petitioner contends that the Federal Bureau of Prisons ("BOP") is misinterpreting the provisions of the FSA concerning the application of FTC with respect to inmates who are classified as medium or high risk of recidivism pursuant to an established PATTERN risk assessment tool.[1]

Petitioner has filed a separate Motion to Waive Requirement to Exhaust Administrative Remedies (ECF No. 4), in which he asserts that exhaustion of the BOP administrative remedy process should not be required because his claim strictly involves statutory interpretation and, therefore, such exhaustion would be futile.  Specifically, he asserts that the BOP has adopted a wrongful interpretation of the FSA that excludes all medium and high-risk prisoners from applying FTC to their sentences.  (ECF No. 4 at 1-2).  With his motion, Petitioner submitted documentation of his efforts to exhaust the administrative remedies at FCI Beckley, which will be discussed *infra*.

On October 16, 2023, Respondent filed a Response to Order to Show Cause (ECF No. 11) asserting that Petitioner's petition must be dismissed for failure to exhaust administrative remedies and that Petitioner is not entitled to his requested relief, both because he was not then eligible for automatic application of FTC and because the calculation of his risk recidivism score and his prerelease custody placement are discretionary determinations by the BOP that are not subject to judicial review.

---

1 PATTERN, which stands for "Prisoner Assessment Tool Targeting Estimated Risk and Needs," (also referred to herein as the "System") is used to calculate each inmate's recidivism risk score based on considerations such as age, severity of current offense, history of violence, and other factors. *See generally* 2020 Review and Revalidation of the First Step Act Risk Assessment Tool, DOJ, Office of Justice Programs, National Institute of Justice (January 2021), available at https://www.ojp.gov/pdffiles1/nij/256084.pdf. After calculation of the recidivism risk score, the inmate is classified as a minimum, low, medium, or high recidivism risk.  (ECF No. 11 at 5-6).

Respondent's response includes a declaration from Misty Shaw, a paralegal at the BOP's Mid-Atlantic Regional Office Consolidated Legal Center, confirming that Petitioner's sole administrative remedy related to application of FTC (No. 1169192-F1) was rejected and Petitioner did not re-file it or appeal to the Regional or Central Offices. (ECF No. 11-1 at 1). The Shaw declaration further confirms that, as of August 8, 2023, Petitioner had been assessed under the PATTERN system at a medium risk of recidivism. (*Id.*)

On December 11, 2023, Petitioner filed a reply brief in which he reiterates his arguments to excuse exhaustion and concerning his alleged eligibility to apply FTC credit. (ECF No. 12 at 1-2). His reply also argues, for the first time, that his PATTERN score was unfairly calculated. (*Id.* at 2). This matter is ripe for resolution.

## ANALYSIS

### A.    Exhaustion of Administrative Remedies.

Generally, a federal prisoner must exhaust available administrative remedies before filing a habeas corpus petition. *Boudemiene v. Bush*, 553 U.S. 723 (2008); *Braden v. 30th Judicial Cir. Ct. of Kentucky*, 410 U.S. 484, 490-91 (1973). Respondent's response first asserts that the petition herein must be dismissed because Petitioner failed to exhaust his administrative remedies prior to filing his petition in this court. *See McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions."); *United States v. Odiana*, 7 F.3d 227, 227 (4th Cir. 1993) (per curiam) (same); *see also United States v. Mercado*, 37 F. App'x 698, 699 (4th Cir. 2002) (per curiam) (affirming dismissal for failure to exhaust BOP's administrative remedies prior to filing § 2241). (ECF No. 11 at 2).

As noted by Respondent, although the exhaustion requirement concerning § 2241 petitions is judicially imposed, rather than statutorily required, and courts retain discretion to waive the requirement when exhaustion is futile, unless the agency is certain to rule adversely, failure to exhaust is generally not excused. *Reeder v. Phillips*, No. 1:07-cv-138, 2008 WL 2434003, at *3 (N.D. W. Va. June 12, 2008); *see also Woltz v. Ziegler*, No. 5:12–cv-0238, 2012 WL 1599916, at *3 (S.D. W. Va. Mar. 23, 2012) ("Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, Courts consistently require prisoners to exhaust their administrative remedies prior to seeking habeas review under Section 2241." (citations omitted)), *report and recommendation adopted*, 2012 WL 1599894, at *1 (S.D. W. Va. May 7, 2012). (*Id.* at 2-3).

Respondent further contends that "[a]dministrative exhaustion serves a number of purposes outside of granting relief[;]" namely, development of a factual record to aid the Court. (*Id.* at 4). Specifically, Respondent asserts:

> [T]he remedy responses would set out whether Petitioner's FTCs are calculated correctly, whether Petitioner is eligible to earn time credits based on his current offense, whether the courses he has taken and the work he has performed were assigned for purposes of the FSA, whether the courses and work qualify for time credits, whether his discipline history would reduce the number of credits, how his risk recidivism level was calculated, as well as other offender specific matters.

(*Id.*)

Petitioner admittedly did not exhaust his administrative remedies prior to filing this action and he has filed a separate motion seeking waiver of the exhaustion requirement. (See ECF No. 4.) He has attached documentation demonstrating his attempts to file both informal and formal administrative remedies, but his formal

4

remedy was rejected by the Administrative Remedy Coordinator because he did not include the Warden's response.  (ECF No. 4, Attach. 1).  As noted by Respondent, Petitioner did not re-submit the rejected grievance or appeal it to the Regional or Central Offices, as required to fully exhaust the available remedies.  (ECF No. 11-1 at 1).

Petitioner asserts that, because the BOP "has adopted an interpretation" of the FSA that excludes all high and medium risk prisoners and, is, thus, "sure to rule adversely as to any administrative remedy filed[,]" the court should excuse or waive exhaustion as being futile.  (ECF No. 4 at 2; ECF No. 12 at 1).  Petitioner largely relies on the decision of the United States Court of Appeals for the Third Circuit in *Coleman v. U.S. Parole Comm'n*, 644 F. App'x 159 (3d Cir. 2016), finding that

> exhaustion is not required with regard to claims which turn only on statutory construction.  This is especially so where it is unlikely that the agency will change its position, or where the claims turn on broader questions of legal interpretation.

*Id.* at 162.  Thus, Petitioner contends that, as a claim that "turn[s] on statutory construction," exhaustion of his claim is not required.  (ECF No. 4 at 1; ECF No. 12 at 1).

However, Respondent asserts that "it is not certain that the BOP would have ruled adversely had Petitioner utilized the administrative remedy process."  (ECF No. 11 at 4).  She further contends:

> At a minimum, an administrative remedy filing would have prompted an evaluation of the accuracy of Petitioner's program review, including the calculation of Petitioner's recidivism risk level.  In the event it was determined that Petitioner's risk level should have been recorded as low or minimum—as opposed to medium—that outcome, of course, would not be an adverse ruling to Petitioner.  Therefore, because administrative remedies were available and administrative exhaustion is not futile in this matter, Petitioner's requirement to exhaust should not be excused, and this action should be dismissed without prejudice to provide Petitioner the opportunity to exhaust his administrative remedies.

(*Id.* at 4-5).

As noted by another member of this Court, *Coleman* is not binding in this district. *Welch v. Heckard*, No. 5:23-cv-00347, 2023 WL 6885005, at *3 (S.D. W. Va. Sept. 19, 2023) (Eifert, M.J.), *report and recommendation adopted*, 2023 WL 6882684 (S.D. W. Va. Oct. 18, 2023); *see also Slusser v. Heckard*, No. 5:23-cv-00114, 2023 WL 8115857, at *5 (S.D. W. Va. Oct. 25, 2023) (Aboulhosn, M.J.), *report and recommendation adopted*, 2023 WL 8115856 (S.D. W. Va. Nov. 22, 2023); *Cannon v. Heckard,* 5:23-cv-00566, ECF No. 11 at 5 (S.D. W. Va. Jan. 17, 2024) (Eifert, M.J.) Moreover, while there is some support within the Fourth Circuit, albeit not in the habeas context, that matters of pure statutory construction may not require exhaustion, *see McDonald v. Centra, Inc.*, 946 F.2d 1059, 1063 (4th Cir. 1991), the undersigned agrees with Respondent that Petitioner has not demonstrated that this is a case where such an exception should apply.

Petitioner has provided no evidence that the BOP has adopted an interpretation of the FSA that excludes <u>ALL</u> medium and high-risk inmates and uniformly withholds the application of FTC from such inmates. Rather, in conjunction with the explicit statutory language in 18 U.S.C. § 3624(g)(1)(D)(i)(II), the BOP allows inmates with high or medium level risk assessments, who have shown a good faith effort to reduce their recidivism risk, to apply to the Warden for individual consideration of their circumstances, a construction which dovetails with the exhaustion requirement to enable the consideration of individual facts.

Thus, the undersigned cannot find that the exhaustion process would have been futile in this case and Petitioner should not be excused therefrom. Nor has Petitioner demonstrated that the administrative remedy process was unavailable to him. Despite the apparent rejection of his formal administrative remedy for improper documentation, it appears that Petitioner could have resubmitted his administrative remedy request with the appropriate paperwork. *See* Program Statement 1330.18, § 11, Resubmission (also found at 28 C.F.R. § 542.17). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2241 petition should be dismissed for failure to properly exhaust available administrative remedies.

### B. The relevant FSA eligibility provisions.

Notwithstanding Petitioner's failure to exhaust administrative remedies, Respondent's response also asserts that his petition may be denied on its merits because, at the time he filed his petition, Petitioner was not eligible for automatic application of FTC due to his medium recidivism risk classification. (ECF No. 11 at 4). Before turning to the merits of Petitioner's claim, the undersigned begins with a discussion of the pertinent provisions of the FSA. In 2018, the FSA amended 18 U.S.C. § 3621, which governs federal prison sentences, and added related provisions in sections 3624 and 3632, concerning recidivism reduction programming and incentives.

As relevant here, the FSA sets out statutory criteria defining who is eligible to earn and apply time credits for early release from secured custody. Specifically, except for inmates convicted of certain enumerated offenses, *see* 18 U.S.C. § 3632(d)(4)(D), or those with a final removal or deportation order, *id*., § 3632(d)(4)(E), all inmates are eligible to earn up to 10 days of time credits for every 30 days of successfully completed

BOP-approved "Evidence-Based Recidivism Reduction Programs" ("EBRR") and "Productive Activities" ("PAS"). *See* 18 U.S.C. §§ 3632(d)(4)(A)(i). Additionally, "[a] prisoner determined by the [BOP] to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." *See* 18 U.S.C. §§ 3632(d)(4)(A)(ii).

Among other incentives to encourage participation in EBRR and PAS, certain eligible inmates who have earned FTC may have such time credits applied toward their time in prerelease custody or supervised release. *See id.*, §§ 3632(d)(1)-(4)(C). Thus, "FSA time credits, when applied, advance the date when the prisoner will be placed in 'prerelease custody' (including home confinement or residential reentry facilities), or accelerate the date when the prisoner will leave BOP custody to start a term of court-imposed supervised release." *Komando v. Luna*, No. 22-cv-425-SE, 2023 WL 310580, at *4 (D.N.H. Jan. 13, 2023), *report and recommendation approved sub nom, Komando v. FCI Berlin, Warden*, 2023 WL 1782034 (D.N.H. Feb. 6, 2023) (citing *Hedges v. U.S. Marshals Serv.*, No. 5:22-cv-294-DCR, 2022 WL 17177630, at *3 (E.D. Ky. Nov. 23, 2022)); *see also* 18 U.S.C. § 3624(g)(3) (BOP may apply up to twelve months of earned time credits to advance the date a prisoner begins to serve a term of supervised release).

Although all eligible inmates may *earn* FSA time credit, "only some inmates are eligible to *apply* those time credits." *Cannon, supra*, 5:23-cv-00566, ECF No. 11 at 7 (emphasis in original). As set forth in 18 U.S.C. § 3624(g)(1), an inmate who has *earned*

FTC may not have it *applied* to hasten prerelease custody or supervised release until the

inmate:

> (A) has earned time credits under the risk and needs assessment system
> developed under subchapter D (referred to in this subsection as the
> "System") in an amount that is equal to the remainder of the prisoner's
> imposed term of imprisonment;
>
> (B) has shown through the periodic risk reassessments a demonstrated
> recidivism risk reduction or has maintained a minimum or low recidivism
> risk, during the prisoner's term of imprisonment;
>
> (C) has had the remainder of the prisoner's imposed term of imprisonment
> computed under applicable law; and
>
> (D)(i) in the case of a prisoner being placed in prerelease custody, the
> prisoner--
>
>> (I) has been determined under the System to be a minimum or low
>> risk to recidivate pursuant to the last 2 reassessments of the prisoner; or
>>
>> (II) has had a petition to be transferred to prerelease custody or
>> supervised release approved by the warden of the prison, after the
>> warden's determination that—
>>
>>> (aa) the prisoner would not be a danger to society if
>>> transferred to prerelease custody or supervised release;
>>>
>>> (bb) the prisoner has made a good faith effort to lower their
>>> recidivism risk through participation in recidivism reduction programs or
>>> productive activities; and
>>>
>>> (cc) the prisoner is unlikely to recidivate; or
>
> (ii) in the case of a prisoner being placed in supervised release, the
> prisoner has been determined under the System to be a minimum or low
> risk to recidivate pursuant to the last reassessment of the prisoner.

18 U.S.C. § 3624(g)(1); *see also* 28 C.F.R. § 523.44.

Sections 3624(g)(1)(B) and (D)(i)(I) make it clear that, only inmates who are at a

minimum or low risk of recidivism may automatically have their FTC applied towards

earlier transfer to pre-release custody or supervised release.  *See, e.g., Gadsden v. Joseph*, No. 0:23-cv-2065-BHH-PJG, 2023 WL 8006375, at *2-3 (D.S.C. Oct. 27, 2023), *report and recommendation adopted*, 2023 WL 8005872 (D.S.C. Nov. 17, 2023) ("The statute defines an eligible prisoner, in part, as one who has 'shown through the periodic risk reassessments a demonstrated risk recidivism risk reduction or *has maintained a minimum or low recidivism risk*, during the prisoner's term of imprisonment.'") Despite this straightforward language, Petitioner contends that the application of FTC "is not dependent on an inmate's recidivism risk."  (ECF No. 4-1 at 3-4, 7-8; ECF No. 12 at 1-2).  He relies, instead on the language in 18 U.S.C. § 3632(a)(1), which addresses how inmates *earn* FTC, not how such credits are *applied*.  Petitioner's reply states "[n]o where in this section like the Government contends does it state that inmates with 'high or medium risk assessments are ineligible' factors like the BOP is implementing, blatantly reconstructing the intended statute created with the FSA Guidelines."  (ECF No. 12 at 2).  However, Petitioner completely ignores the clear language in § 3624(g)(1), which must be read in conjunction with § 3632(a)(1).

Section 3624(g)(1)((D)(i)(II) further clearly provides that an inmate with a medium or high risk of recidivism score may apply to the Warden for individual approval for application of FTC.  *See Cannon, supra*, ECF No. 11 at 8 (citing *Smith v. Eischen*, No. 22-cv-1704 (NEB/DJF), 2023 WL 4203165, at *2 (D. Minn., June 27, 2023) ("Application of the FSA credits depend on maintaining a minimal or low risk of recidivism – or receiving an exception to that requirement from the warden[.]"); *Delgado v. Barraza*, No. 3:23-cv-881, 2023 WL 4553380, at *1 (M.D. Pa., July 14, 2023) ("Inmates with a high or medium PATTERN score can petition the warden to be

considered on an individual basis for placement in prerelease custody or supervised release.") (Other citations omitted).  Thus, medium and high-risk inmates are not entirely excluded from application of FTC.  However, Petitioner, who admits that he was at a medium risk level, does not even allege that he petitioned the Warden at FCI Beckley for individual consideration for application of his FTC.  Therefore, he has not demonstrated that he is currently eligible for application of such time credits.

### C.    No protected liberty interest in pre-release custody.

Respondent's response further asserts that, because prisoners do not have a protected liberty interest in being placed on home confinement or in a residential reentry center ("RRC"), Petitioner cannot demonstrate a right to such relief.  *See Whittenberg v. Ziegler*, No. 5:12-cv-01430, 2015 WL 2406111, at *1 n.2 (S.D. W. Va. May 19, 2015) (providing a detailed analysis of why inmates do not possess a constitutionally protected interest in home or community confinement).  Respondent further notes that, given the rash of cases seeking habeas corpus relief under the FSA, numerous federal courts have reiterated the fact that there is no protected liberty interest in pre-release custody, such as home confinement or RRC placement.  *See, e.g., Burg v. Nicklin*, No. 19-cv-24, 2019 WL 369153, at *3 (W.D. Tex. Jan. 29, 2019) (recognizing the exclusive authority and discretion of the BOP over an inmate's placement in the context of the FSA); *see also United States v. Egan*, No. 10 Cr. 191, 2019 WL 1552266, at *1 (S.D.N.Y. Apr. 10, 2019) ("In recognition of [the BOP's] discretion, the few federal courts that have considered the recently-amended 34 U.S.C. § 60541(g) have found a district court has no power to use it to grant a prisoner early release to home detention." (citing *Zheng v. La Tuna Fed. Corr. Inst.*, No. 19-cv-97, 2019 WL 1472889, at *3 (Apr. 3, 2019)

11

(declining to grant a request for home detention under 34 U.S.C. § 60541 as "any approach that puts the judicial branch in charge of designating the place of confinement for a federal prisoner—no matter how well justified the utilitarian grounds—collides with [18 U.S.C § 3621(b)], which gives the Attorney General unfettered discretion to decide where to house federal prisoners."))); *United States v. Curry*, No. 6:06-082, 2019 WL 508067, at *2 (E.D. Ky. Feb. 8, 2019) ("34 U.S.C. § 60541 only authorizes the Attorney General to modify the method of imprisonment. It does not permit the Courts to take such action."); *Bushey v. Butler*, No. 1:12-cv0572, 2012 WL 2130972, at *4 (S.D. W. Va. June 12, 2012) (noting that where an inmate challenges BOP RRC placement decisions, the "court is very limited in the relief it may grant in reviewing the BOP's determination"). (ECF No. 11 at 14-15). Petitioner has not disputed this authority.

Respondent also correctly notes that "denial of prerelease custody pursuant to the application of FTCs would not affect the duration of an inmate's sentence in a constitutionally cognizable way[.]" (*Id.* at 15). Rather, it merely changes the location of where the Petitioner is serving his sentence. Thus, Respondent aptly asserts that such claims are not proper for consideration in a habeas corpus petition. (*Id.*) Petitioner failed to address these assertions in his reply brief.[2]

---

[2] Petitioner's reply brief addresses a new argument in which he asserts that the calculation of his PATTERN score places too much emphasis on his criminal history calculation and other static factors that will not enable a reduction in his risk assessment unless variable factors reflecting his recent behavior are given greater weight. (ECF No. 12 at 2). However, this new argument raised for the first time in a reply brief should not be considered by the court. *See United States v. Williams,* 445 F.3d 724, 736 n.6 (4th Cir. 2006) ("The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered.") Moreover, the parameters used to determine the PATTERN risk assessment are entirely within the discretion of the BOP and are not reviewable by this court, as addressed in the next section.

### D.    No right to judicial review.

As noted by Respondent, the calculation of Petitioner's risk assessment score and the BOP's decisions concerning his custodial placement and appropriateness for early release are discretionary decisions that are entitled to substantial deference and are not subject to judicial review.  *See* 18 U.S.C. §§ 3621(b), 3624(c)(4), and 3625.  (ECF No. 11 at 6-12).  Thus, as asserted by Respondent:

> [A]ny determinations, decisions, or orders made pursuant to 18 U.S.C. §§ 3621-3624 are exempted from review under the [Administrative Procedures Act ("APA")].  Congress' intentional placement of the eligibility determination aspect of the FSA in § 3624, where it is not reviewable under the APA, speaks to the intent of Congress for the BOP to exercise discretion in making such determinations."

(*Id.* at 10-11).  Again, Petitioner's reply brief fails to address or dispute these arguments.

The undersigned proposes that the presiding District Judge **FIND** that Petitioner has raised a claim upon which this federal court can grant no relief.  *See Welch, supra*, 2023 WL 6885005, at *4; *Cannon, supra*, ECF No. 11 at 8 (citing *Mars v. Heisner*, 22-cv-01933, 2023 WL 4978335, at *5 (D. Ariz., June 26, 2023), *report and recommendation adopted,* 2023 WL 4960411 (D. Ariz., Aug. 3, 2023) (because APA does not apply to decisions made under 18 U.S.C. § 3624, courts may not review a BOP decision declining to apply FTC towards prerelease custody unless the decision is contrary to established federal law, violates the Constitution, or exceeds the BOP's statutory authority).  Those circumstances have not been met in Petitioner's case.  *See also Walker v. Fikes*, No. 2:22-cv-41, 2023 WL 4004123, at *2 (S.D. Ga., May 16, 2023), *report and recommendation adopted*, 2023 WL 3997068 (S.D. Ga., June 14, 2023) (stating that decisions made by BOP pursuant to 18 U.S.C. § 3624(g) are not subject to

13

judicial review unless those decisions are outside its statutory authority).  The BOP has discretionary authority as to whether and when to release a prisoner into prerelease custody under § 3624(g); thus, such decisions are not judicially reviewable, and this court cannot grant Petitioner the relief he seeks.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2241 petition should be denied and dismissed.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and his Motion to Waive Requirement to Exhaust Administrative Remedies (ECF No. 4) and **DISMISS** this civil action from the docket of the court.

Petitioner is notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Volk.

The Clerk is directed to file this "Proposed Findings and Recommendation," to mail a copy of the same to Petitioner, and to transmit a copy to counsel of record.

February 1, 2024

Dwane L. Tinsley
United States Magistrate Judge

15